UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

| Case No. | CV 11-2072 PSG (FFMx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | New Heights Entertainment, LLC v. Robert D. Fusari, *et al.* | | |

| Present: The Honorable | PHILIP S. GUTIERREZ, United States District Judge |
|---|---|

| Wendy Hernandez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     (IN CHAMBERS): **ORDER TO SHOW CAUSE RE REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

This action was removed to this Court on <u>March 10, 2011.</u> However, it appears the Court may lack subject matter jurisdiction for the reason(s) opposite the box(es) checked:

[  ]   Jurisdiction is asserted on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it does not appear that any of the claims "arise under" federal law.

[  ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[ X ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship.

[ X ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some or all of the:

  [ X ] plaintiff(s).

  [ X ] defendant(s).

[ X ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership, limited liability company, or other unincorporated association is joined as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

a party. The Court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *United Steelworkers v. Bouligny, Inc.,* 382 U.S. 145 (1965); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group,* 823 F.2d 302 (9th Cir. 1987).

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The complaint is deficient because:
  [ ] the complaint does not state both the respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c).
  [ ] the jurisdiction averment by plaintiff(s) is patently insufficient under 28 U.S.C. § 1332(c).
Plaintiff(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the complaint is the corporate party's principal place of business. For diversity purposes, a corporation's principal place of business is "the place where [the] corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185 (2010).

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, one or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears not to be diverse. 28 U.S.C. § 1332(c)(2).

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the matter in controversy does not appear to exceed $75,000, exclusive of interest and costs.

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); the action involves multiple plaintiffs and/or is a class action. The complaint is deficient because it does not state that at least one of the named plaintiffs has a claim exceeding $75,000. Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 125 S. Ct. 2611, 2615 (2005). Where injunctive relief is sought in a multiple plaintiff action, the Ninth Circuit has held that "the amount in controversy requirement cannot be satisfied [merely] by showing that the fixed administrative costs of compliance exceed $75,000." *In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig.,* 264 F.3d 952, 961 (9th Cir. 2001).

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The complaint is deficient because:
  [ ] the total claims of individual class members do not appear to exceed $5,000,000 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

    the aggregate.  28 U.S.C. § 1332(d)(2), (5).
- [ ] the pleadings fail to allege that any member of a plaintiff class is a citizen of a state different from any defendant, that any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state, or that any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state.  28 U.S.C. § 1332(d)(2).
- [ ] it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; the plaintiff class seeks significant relief from a defendant who is a citizen of that state and whose alleged conduct forms a significant basis for the claims; principal injuries were incurred in that state; and no related class action has been filed within the preceding three years.  28 U.S.C. § 1332(d)(4)(A).
- [ ] it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate and all of the primary defendants are citizens of the state in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(B).
- [ ] it appears that the primary defendants are states, state officials, or other governmental entities.  28 U.S.C. § 1332(d)(5)(A).
- [ ] it appears that the total number of members of all proposed plaintiff classes is less than 100.  28 U.S.C. § 1332(d)(5)(B).
- [ ] the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d).  The Court may decline to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) because it appears that greater than one-third but less than two-thirds of the members of all plaintiff classes in the aggregate and the primary defendants are citizens of California and one or more of the following applies:
- [ ] the claims asserted do not involve matters of national or interstate interest.  28 U.S.C. § 1332(d)(3)(A).
- [ ] the claims asserted will be governed by California law.  28 U.S.C. § 1332(d)(3)(B).
- [ ] the class action has not been pleaded in a manner that seeks to avoid federal jurisdiction.  28 U.S.C. § 1332(d)(3)(C).
- [ ] the forum in which the action was brought has a distinct nexus with the class members, the alleged harm, or the defendants.  28 U.S.C. § 1332(d)(3)(D).
- [ ] the number of California citizens among all plaintiff classes in the aggregate is substantially larger than the number of citizens of any other state, and the citizenship of the other members is dispersed among a substantial number of states.  28 U.S.C. § 1332(d)(3)(E).
- [ ] no related class action has been filed during the preceding three years.  28 U.S.C. § 1332(d)(3)(F).

[ ] Other:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

      Accordingly, the Court orders Defendant(s) to show cause in writing no later than **April 18, 2011** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Mandatory chambers copies are to be delivered to Chambers.  Failure to respond by the above date will result in the Court **remanding** this action.

      The Court further orders plaintiff(s) promptly to serve this minute order on any defendant who has been served with the complaint, or who is served before the date specified above.

Deputy Clerk _____